# UNITED STATES DISTRICT COURT
# MIDDLE DISTRICT OF FLORIDA

MATTHEW PITTARD; and                Case No. 8:19-cv-1784
MATTHEW ALLENDE,

                    Plaintiffs,      **AMENDED COMPLAINT AND**
                                   **DEMAND FOR JURY TRIAL**

    v.

H.E. SHEIKH KHALID BIN HAMAD BIN KHALIFA AL THANI;
    a/k/a
H.E. SHEIKH KHALID BIN HAMAD BIN KHALIFA AL-THANI;
HH SHEIKH KHALID BIN HAMAD AL THANI;
HH SHEIKH KHALID BIN HAMAD AL-THANI;
SHEIKH KHALID BIN HAMAD AL THANI;
SHEIKH KHALID BIN HAMAD AL-THANI;
SHEIKH KHALID AL THANI;
SHEIKH KHALID AL-THANI;
KHALID AL-THANI;
KHALID AL-THANI;
KHALID HAMID AL-THANI;
KHALID HAMAD AL THANI;
KHALID BIN HAMID AL-THANI;
KHALID BIN HAMAD AL THANI;
KHALID BIN HAMAD;
KHALID BIN HAMAD BIN KHALIFA AL THANI;
KHALID BIN HAMAD BIN KHALIFA AL-THANI;
GEO STRATEGIC DEFENSE SOLUTIONS, LLC;
KH HOLDING, LLC; and
AL ANABI RACING USA, LLC,
    d/b/a
AL ANABI,
Al-ANABI,
Al ANABI CARS LLC,
AL-ANABI CARS LLC,
AL ANABI DRAG RACING LLC,

AL-ANABI DRAG RACING LLC,
AL ANABI AWESOME SPEEDTECH LLC,
AL-ANABI AWESOME SPEEDTECH LLC,
AL ANABI RACING,
AL-ANABI RACING,
AL ANABI RACING, LLC
AL-ANABI RACING, LLC,
AL ANABI PERFORMANCE,
AL-ANABI PERFORMANCE,
Al ANABI RACING TEAM,
AL-ANABI RACING TEAM,
AL-ANABI RACING USA, LLC,
AL ANABI RACING USA,
AL-ANABI RACING USA,
Al ANABI RACING LIMITED,
AL-ANABI RACING LIMITED.

Defendants.

## **NATURE OF THE ACTION**

1.     Plaintiffs Matthew Pittard and Matthew Allende, ("Plaintiffs"), bring this

action under the Fair Labor Standards Act ("FLSA"), 29 U.S.C. §§ 201 *et. seq.,* in

order to remedy Defendants wrongful withholding of Plaintiffs' earned wages and

overtime compensation, and intentional unfair and/or deceptive acts. Plaintiffs

also bring these claims under Florida Labor Law ("FLL"), Florida Constitution,

Article 10, §§ 24 et. seq., and Florida Statute Title 31 §§ 448 et. seq., and the

California Code, Labor Code ("CLC") LAB §§ 1182, 1194 *et. seq.* as well as the

supporting Florida and California State Department of Labor Regulations for

violations of overtime wage requirements, and notice and record-keeping requirements.

2.      Additionally, Plaintiff Matthew Allende brings a claim of retaliation under the FLSA, and a claim of personal injury under California law.

3.      Finally, Plaintiff Matthew Pittard brings a claim of retaliation and claims of misuse of business information and tortious interference of a contract and business relationship under FLL and Florida law.

4.      Defendants engaged in unlawful conduct pursuant to a policy of minimizing labor costs and denying employees compensation by knowingly violating the FLSA, FLL, and CLC. Defendants caused personal injury and later retaliated against Plaintiffs, terminating them from employment and intentionally interfering in a business relationship and damaging a contractual agreement between Plaintiff Pittard and others.

**JURISDICTION AND VENUE**

**Federal Question Jurisdiction and Supplemental Jurisdiction**

5.      This Court has original subject matter jurisdiction over this action under 28 U.S.C. § 1331 because the civil action herein arises under the laws of the United States, namely, the Fair Labor Standards Act and 29 U.S.C. §§ 201 *et seq*.

Additionally, this Court has supplemental jurisdiction over Plaintiffs' state law claims under 28 U.S.C. §1367(a).

**Personal Jurisdiction**

6.      This Court may properly maintain personal jurisdiction over Defendants under Rule 4 of the Federal Rules of Civil Procedure as Defendants' contacts with this state and this judicial district are sufficient for exercise of jurisdiction over Defendant so as to comply with traditional notions of fair play and substantial justice.

**Venue**

7.      Venue is proper in the Middle District of Florida under 28 U.S.C. §§ 1391 (b) (3) and (c)(2) and (c)(3).

## THE PARTIES

**Plaintiffs:**

8.      Plaintiff Matthew Pittard ("Pittard") is an adult individual residing in the State of Florida, County of Pasco.

9.      Plaintiff Matthew Allende ("Allende") is an adult individual residing in the State of California, County of Los Angeles.

10.     During the relevant time period, Plaintiffs were covered employees within the meaning of the FLSA, 29 U.S.C. § 203(e), FLL § 448.101, and the CLC § 1194, employed by Defendants, H.E. Sheikh Khalid bin Hamad bin Khalifa Al Thani, Geo Strategic Defense Solutions, LLC, KH Holding, LLC, and Al Anabi Racing USA, LLC ("Defendants").

11.     Plaintiffs were employees engaged in commerce since a substantial part of their job requirements was to accompany Defendant Khalid in the United States and to foreign countries in order to perform their job functions.

12.     Plaintiffs consented in writing to be parties to the FLSA claims in this action, pursuant to 29 U.S.C. §216(b), and their consent forms are attached hereto.

13.     During the relevant time period, Plaintiff Pittard was a party, person, and/or business entity engaged in commerce within the meaning of FL Stat. § 501.204.

**Defendant:**

14.     H.E. Sheikh Khalid bin Hamad bin Khalifa Al Thani, ("Khalid"), Geo Strategic Defense Solutions, LLC, KH Holding, LLC, and Al Anabi Racing USA, LLC were Plaintiffs' employer and employed Plaintiffs individually and/or jointly.

15.     At all relevant times throughout Plaintiffs' employment, Defendant Khalid had the discretionary power to create and enforce personnel decisions including but not limited to: hiring and terminating employees; setting and authorizing issuance of wages; maintaining employee records; setting employees' schedules; instructing, supervising and training employees; dictated physical movement of employees; and otherwise controlled the terms and conditions of employment of the Plaintiffs.

16.     Upon information and belief, Defendant Khalid is the chairman, owner, and operator of Geo Strategic Defense Solutions, LLC, KH Holding, LLC, and Al Anabi Racing USA, LLC. Defendant Khalid set and/or approved all the unlawful practices complained of herein in his individual capacity and/or through his companies Geo Strategic Defense Solutions, LLC, KH Holding, LLC, and Al Anabi Racing USA, LLC.

17.     Defendants are a "covered employer" within the meaning of the FLSA, 29 U.S.C. § 203(d), FLL § 448.101, and the CLC § 18, and are therefore liable for the unpaid wages and other damages sought herein.

## **FACTUAL ALLEGATIONS**

### **Plaintiffs' Work for Defendant**

18.     Plaintiffs were formerly employed by Defendants to perform work in the

United States, Qatar, and any location to which Defendant Khalid chose to

travel.

19.     As part of their duties, Plaintiffs were required to accompany Defendant

Khalid as he traveled to, from, and in the United States, Qatar, and London,

England, where they were subject to long working hours, ranging from sixty (60)

to ninety-six (96) hours per week. The work hours were dictated by Defendant

Khalid's requirement of constant medical care and security supervision.

20.     Plaintiff Pittard entered into an employment agreement whereby

Defendants requested Pittard be on duty for five days with two days off. Pittard's

employment agreement included, in addition to monthly compensation, thirty

days of paid leave per calendar year, two yearly flight allowances, transportation,

and accommodations. Pittard's employment contract expressly states that local

labor laws are not applicable.

21.     Plaintiff Allende entered into an employment agreement whereby

Defendants requested Allende be on duty 24/7 with days off only when Allende

requested time off directly from Defendant Khalid.

22.     These illegal agreements were crafted solely by Defendant Khalid and

Plaintiffs were required to accept their terms, or else forfeit their jobs.

23.     Throughout the duration of their employment, Plaintiffs did not have any supervisory authority nor did they exercise discretion or independent judgment with respect to matters of significance.

24.     Throughout the course of their employment, Plaintiffs consistently worked in excess of forty (40) hours per week but were not paid overtime.

25.     Plaintiff Pittard was employed by Defendant from September 17, 2017 to July 10, 2018. Pittard was employed as the Defendants' United States Director of Security and as a Senior Defense Consultant in Doha, Qatar.

26.     Pittard was promised an annual salary of $102,000.00 plus an end-of-the-year bonus in exchange for working regular 40-hour weeks.

27.     Pittard's job duties included ensuring the safety and security of Defendant Khalid and his family while in the United States and instituting security protocols and procedures to advance the security initiatives of Defendant Khalid and his family. While in Doha, Pittard conducted advanced counter-assault training, and provided law enforcement instruction and weapons training.

28.     During the period of his employment with Defendants, Pittard worked approximately 80 hours per week when Defendant was located in the United States. When Defendant was in Qatar and traveling, Pittard's work hours varied

from 60 to 70 hours per week, he was not permitted any time off and was on call 24/7 to  immediately respond to Defendant's needs and requests.

29.     During his employment, Pittard was solicited by Defendant Khalid for the murder of two individuals. In approximately late September of 2017 and November of 2017, in Los Angeles, California, Defendant Khalid asked Pittard to murder a male and a female who Defendant Khalid viewed as threats to his social reputation and personal security. Pittard refused to execute these unlawful requests.

30.     During Pittard's period of employment, from approximately July 7-10, 2018, Defendant Khalid and his private Qatari security staff held an American citizen against the American citizen's will on at least two occasions in one of Defendant Khalid's personal residences. At Defendant Khalid's request, the American citizen was arrested and jailed at the Onaiza Police Station in Doha, Qatar. Pittard and the United States Embassy came to the aide of the American citizen, and helped the American citizen reach a point of safety, and eventually safely depart from the country of Qatar.

31.     On July 7, 2018, Defendant Khalid learned that the American citizen was no longer in his personal residence, and upon learning that Pittard had assisted in securing the American citizen's safety, began contacting Pittard. Defendant

Khalid, and individuals at the direction of Defendant Khalid, including employees of Defendant Geo Strategic Defense Solutions, LLC, Defendant KH Holding, LLC, and Defendant Al Anabi Racing USA, LLC, demanded that Pittard return the American citizen, and provide information about the American citizen's whereabouts to Defendant Khalid or Pittard "would pay the price." Defendant Khalid's threats to, and requests of, Pittard continued to escalate; Defendant Khalid directly told Pittard that he would kill him, bury his body in the desert, and kill Pittard's family.

32.    On July 10, 2018, Pittard was held against his will by Defendant Khalid, family members of Defendant Khalid, by Defendant's private Qatari security staff, and by employees of Defendant Geo Strategic Defense Solutions, LLC, Defendant KH Holding, LLC, and Al Anabi Racing USA, LLC. Pittard was threatened with bodily harm and his work equipment, electronics, personal belongings, and medication were stolen and/or destroyed, and Pittard was terminated from Defendants' employment. Pittard was forced under duress, with Defendant Khalid brandishing a Glock 26 firearm, which he tapped repeatedly during his exchange with Pittard, to execute new employment documents.

33.     Throughout his employment with Defendants, Pittard was not timely compensated for his hours worked nor was he compensated at all for his overtime hours.

34.     Pittard never received wage statements or any other type of records outlining the number of hours he worked for the Defendants and the amounts owed to him.

35.     In addition, Pittard sustained economic and non-economic damages as a result of Defendants' termination.

36.     Additionally, Pittard also sustained economic and non-economic damages as a result of retaliation by Defendants. After Defendants' termination of Pittard, Defendants misused Pittard's business information. For example, Defendants interfered with a Qatar security, law enforcement, and arms brokerage contract that Pittard had negotiated with the Police Training Institute in Doha, Qatar.

37.     Plaintiff Matthew Allende was employed as a paramedic by Defendants from approximately October 15, 2017, to February 4, 2018.

38.     Allende began his employment with Defendants in Los Angeles, California.

39.     Allende worked for Defendants when Defendant Khalid was in the United States as well as at one of Defendant's personal residences, the Majhils, in Doha, Qatar.

40.     As part of his employment duties, Allende provided immediate emergency medical care, vital sign monitoring, and mobile medical emergency services.

41.     Allende was required to frequently travel with Defendant Khalid and Defendant Khalid's family for work and personal purposes.

42.     On approximately December 5, 2017, Allende accompanied Defendant Khalid to Doha, Qatar.

43.     Allende was compensated at a rate of $500 USD per day, with a salary range of $14,000-$15,500 USD per month.

44.     While working for Defendants, Allende worked seven days per week, approximately 12 hours per day, with minimal meal breaks. There were periods of time, particularly at the beginning of his employment, where Allende worked for 20 to 36 hours straight, with minimal meal breaks and no opportunity for sleep. His exact schedule varied from day to day to meet the medical needs of Defendant Khalid.

45.     When Allende was requested to accompany Defendant Khalid on trips or vacations, he was required to work seven days per week and 12 or more hours per day. This is because he was required to be on duty to monitor Defendant Khalid's vital signs and administer aid as needed.

46.     Accordingly, Allende worked approximately 84 hours per week, exclusive of the numerous occasions where he worked for 20 to 36 hours straight.

47.     Over the course of his employment, on several occasions Defendant Khalid refused Allende's request to leave the Majlis for normal breaks, personal needs, and personal respite after Allende had completed his requested shift. On or about December 17, 2017, after approximately three straight weeks of work and a 36-hour sleepless binge by Defendant Khalid, Allende requested a day off, to which Defendant Khalid agreed. During this 36-hour sleepless binge, Allende was forced to stay awake with Defendant Khalid. As Allende was leaving the Majlis, Allende was stopped by Defendant Khalid's assigned security Amiri Guard at the entrance/exit of the Majlis. Allende was told that, at the direction of Defendant Khalid, he was not allowed to leave the Majlis. Allende stated that he had asked for a day off from Defendant Khalid, and that Defendant Khalid had granted his request.

48.     Defendant Khalid's guard, armed with a pistol, stated that Defendant Khalid had changed his mind and that Allende was no longer able to leave the premises. Allende informed the guard he was leaving with or without the guard's permission, to which the guard replied "No, you are not leaving," and directed Allende to immediately return to the Majlis.

49.     Instead of returning to Majilis, and fearing for his life, Allende escaped the confines of the premises of Majlis by jumping over a five-foot rod-iron fence, and then using a security guard dog's kennel to scale over an eighteen-foot perimeter wall. Allende, knowing the risk that he may sustain serious injuries in his efforts to maintain personal security and safety, and escape from the dangerous and threatening situation created by Defendant Khalid, jumped from the top of the Majlis perimeter wall to the concrete walkway, and fell approximately eighteen feet.

50.     Allende sustained serious injuries and required immediate medical attention and surgery in Doha, Qatar. Thereafter, on or about February 4, 2018, once he was healthy enough to travel, though still on crutches, Allende was terminated from employment by Defendants.

51.     Throughout his employment with Defendants, Allende received a flat daily rate and was not compensated at all for his overtime hours of work.

52.     Allende never received paystubs from Defendants outlining the number of hours worked and his rate of pay.

**Defendants' Unlawful Practices**

53.     Defendants repeatedly suffered or permitted Plaintiffs to work in excess of forty (40) hours per week without paying them the appropriate overtime pay.

54.     Defendants willfully disregarded and purposefully evaded recordkeeping requirements of the FLSA, FLL, and CLC by failing to maintain accurate and complete timesheets and payroll records. Defendants did not implement any procedure to keep track of Plaintiffs' hours of work or the hours of work.

55.     Plaintiffs were never provided with wage statements showing the number of hours worked for Defendants in any given week of their employment.

56.     Plaintiffs were not provided with proper wage notices at the time of hire or at any time thereafter.

57.     While Defendants employed Plaintiffs, they failed to post notices explaining the minimum and overtime wage rights of employees under the FLSA, FLL, and CLC and failed to inform Plaintiffs of such rights.

58.     At all relevant times, Defendants were an employer of Plaintiffs within the meaning of the FLSA, FLL, and CLC.

59.     Defendants' actions, threats, and requests during and after Plaintiffs employment has created an environment of fear and intimidation. Defendants behavior has gone beyond a term of employment and intentionally extended into Plaintiff Pittard's business and Plaintiffs' personal and professional lives. Defendants' access through his/their financial resources essentially prescribe limitless opportunity for harm.

## FIRST CAUSE OF ACTION
### Fair Labor Standards Act – Unpaid Overtime Wages

60.     Plaintiffs reallege and incorporate by reference all allegations made in all preceding paragraphs.

61.     Defendants failed to pay Plaintiffs overtime wages for all hours worked above 40 hours per week thereby violating the FLSA, 29 U.S.C. § 207(a)(1).

62.     Defendants' unlawful conduct, as described in this Complaint, was willful and intentional. Defendants were aware, or should have been aware, that the practices described in this Complaint were unlawful. Accordingly, a three-year statute of limitations applies pursuant to 29 U.S.C. § 255(a).

63.     As a result of the Defendants' violations of the FLSA, Plaintiffs have been deprived of overtime compensation and other wages in amounts to be determined

at trial, and are thus entitled to recovery of such amounts, liquidated damages,

attorney's fees and costs, and other compensation pursuant to 29 U.S.C. § 216(b).

## SECOND CAUSE OF ACTION
### Florida Labor Law – Unpaid Overtime Wages
### (Brought on behalf of Plaintiff Pittard only)

64.     Plaintiff Pittard realleges and incorporates by reference all allegations in all

preceding paragraphs.

65.     Defendants failed to pay Pittard overtime wages for all hours worked

above 10 hours per day, thereby violating FLL § 448.01.

66.     Due to Defendants' violations of the FLL, Plaintiff Pittard is entitled to

recovery of his unpaid overtime wages, and reasonable attorney's fees, pursuant

to FLL §§ 448.104.

## THIRD CAUSE OF ACTION
### California Labor Law – Unpaid Overtime Wages
### (Brought on behalf of Plaintiff Allende only)

67.     Plaintiff Allende realleges and incorporates by reference all allegations in

all preceding paragraphs.

68.     Defendants failed to pay Allende overtime wages for all hours worked in

excess of eight hours in one workday and work above 40 hours per week, thereby

violating CLC § 510.

69.     Defendants' failure to pay Allende his overtime compensation lacked a good faith basis within meaning of CLC § 13520.

70.     Due to Defendants' violations of the CLC, Allende is entitled to recovery of his unpaid overtime wages, reasonable attorney's fees and costs of the action, and pre-judgment and post-judgment interest, pursuant to CLC § 1194.

## FOURTH CAUSE OF ACTION
### Fair Labor Standards Act – Prohibited Retaliation
### (Brought on behalf of Plaintiff Allende only)

71.     Plaintiff Allende realleges and incorporates by reference all allegations in all preceding paragraphs.

72.     Defendants retaliated against Allende by terminating his employment after Allende requested and was granted and then denied respite from work, and attempted to depart Defendant Khalid's personal residence after three straight weeks of work, and a 36-hour shift, in violation of 29 U.S.C.A. § 215(a)(3).

73.     Due to Defendants' unlawful retaliation against Allende, he has suffered harm and is entitled to recovery of back wages, front wages, liquidated damages, damages for emotional distress, punitive damages, attorney's fees, costs, and other such damages of an amount to be determined at trial.

## FIFTH CAUSE OF ACTION
### California Labor Code – Prohibited Retaliation
### (Brought on behalf of Plaintiff Allende only)

74.     Plaintiff Allende realleges and incorporates by reference all allegations in all preceding paragraphs.

75.     Defendants retaliated against Allende by terminating his employment after Allende requested and was granted respite from work, and attempted to depart Defendant Khalid's personal residence after three straight weeks of work, and a 36-hour shift, in violation of CLC § 1102.5.

76.     Due to Defendants' unlawful retaliation against Allende, he has suffered harm and is entitled to recovery of  back wages, front wages, liquidated damages, damages for emotional distress, punitive damages, attorney's fees, costs, and other such damages of an amount to be determined at trial.

## SIXTH CAUSE OF ACTION
### California Labor Code– Failure to Provide Wage Statements
### (Brought on behalf of Plaintiff Allende only)

77.     Plaintiff Allende realleges and incorporates by reference all allegations in all preceding paragraphs.

78.     Defendants failed to provide Allende with wage statements listing the number of hours he worked each week of his employment with Defendants, and the rate received for such hours, in violation of CLC § 226.

79.     Due to Defendants' violations of the CLC, Allende is entitled to recover

from Defendants statutory damages of Fifty Dollars ($50) for the initial pay

period violation and One Hundred Dollars ($100) for each violation in a

subsequent pay period, up to a maximum of Four Thousand Dollars ($4,000),

reasonable attorney's fees and costs of the action, pursuant to CLC § 226.

## SEVENTH CAUSE OF ACTION
### Florida Law– Prohibited Retaliation
### (Brought on behalf of Plaintiff Pittard only)

80.     Plaintiff Pittard realleges and incorporates by reference all allegations in all

preceding paragraphs.

81.     Defendants retaliated against Plaintiff Pittard by wrongfully terminating

his employment after Pittard refused to engage in criminal activity in violation of

public policy at the request of Defendant Khalid.

82.     Due to Defendants' unlawful retaliation against Pittard, he has suffered

great hardship and is entitled to recovery of back wages, front wages, liquidated

damages, damages for emotional distress, punitive damages, attorney's fees, costs,

and other such damages of an amount to be determined at trial.

## EIGHTH CAUSE OF ACTION
### Florida Deceptive and Unfair Trade Practices Act–
### Tortious Interference with Business Contract
### (Brought on behalf of Plaintiff Pittard only)

83.     Plaintiff Pittard realleges and incorporates by reference all allegations in all

preceding paragraphs.

84.     Defendants retaliated against Pittard by misusing his business information.

For example, Defendants intentionally interfered and disrupted a contract

between Plaintiff and the Police Training Institute, in violation of FL Stat §

501.204. Defendants knew of the contract, and intentionally acted to disrupt the

contract to harm Plaintiff.

85.     Due to Defendants' tortious interference, Pittard is entitled to loss of

business and profit, attorney's fees, costs, and other such damages of an amount

to be determined at trial.

## NINTH CAUSE OF ACTION
### Florida Deceptive and Unfair Trade Practices Act –
### Tortious Interference with Business Relationship
### (Brought on behalf of Plaintiff Pittard only)

86.     Plaintiff Pittard realleges and incorporates by reference all allegations in all

preceding paragraphs.

87.     Defendants retaliated against Pittard by intentionally interfering and

disrupting a business relationship with the Police Training Institute, in violation

of FL Stat § 501.204. Defendant knew of the relationship, and intentionally acted to disrupt the relationship to harm Plaintiff.

88.     Due to Defendants' tortious interference, Pittard is entitled to loss of business and profit, attorney's fees, costs, and other such damages of an amount to be determined at trial.

## TENTH CAUSE OF ACTION
### California Law – Personal Injury
### (Brought on behalf of Plaintiff Allende only)

89.     Plaintiff Allende realleges and incorporates by reference all allegations in all preceding paragraphs.

90.     As a direct and proximate result of Defendants' actions, Allende suffered severe and permanent physical injuries.

91.     Due to Defendants' acts and omissions, Allende has suffered general and special, incidental and consequential damages. These damages include, but are not limited to: damages for general pain and suffering; permanent physical injury; damages for loss of enjoyment of life, both past and future; travel and travel-related expenses, past and future; emotional distress, and future emotional distress; pharmaceutical expenses, past and future; related wage and loss earning capacity damages; and, all other ordinary, incidental and consequential damages as would be anticipated to arise under the circumstances.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiffs seek the following relief:

A. Issuance of a declaratory judgment that the practices and actions complained of in this complaint are unlawful under the Fair Labor Standards Act, 29 U.S.C. §§ 201 *et seq.*, Florida Labor Law ("FLL"), Florida Constitution, Article 10, §§ 24 *et. seq.*, Florida Statute Title 31 §§ 448 *et. seq.*, the Florida Deceptive and Unfair Trade Practices Act, FL Statute 501.201, and the California Labor Code ("CLC"), LAB §§ 1182, 1194 *et. seq.*, as well as the supporting Florida and California State Department of Labor Regulations;

B. Unpaid overtime wages under the FLSA and an additional and equal amount as liquidated damages pursuant to 29 U.S.C. § 216(b) and the supporting United States Department of Labor regulations;

C. Unpaid overtime wages under the FLL, and attorney's fees pursuant to FLL §§448.104;

D. Unpaid overtime wages under the CLC, reasonable attorney's fees and costs of this action, and pre-judgment and post-judgment interest, pursuant to CLC § 1194;

E. Civil penalties of One Thousand One Hundred Dollars ($1,100.00) for each of Defendants' willful and repeated violations of the FLSA pursuant to 29 U.S.C. § 216(b);

F. If liquidated damages pursuant to FLSA, 29 U.S.C. § 216(b) are not awarded, an award of pre-judgment interest pursuant to 28 U.S.C. § 1961;

G. An award of back wages, front wages, damages for emotional distress, and punitive damages, attorney's fees, costs, and other such damages as appropriate for Defendants' prohibited retaliation against Allende pursuant to California law;

H. An award of back wages, front wages, liquidated damages, damages for emotional distress, punitive damages, and liquidated damages up to a maximum of Ten Thousand Dollars ($10,000), for Defendants' prohibited retaliation against Allende pursuant to CLC § 1102.5;

I. An award of statutory damages up to a maximum of Four Thousand Dollars ($4,000), for Defendants' failure to provide Plaintiff Allende with accurate wage statements pursuant to CLC § 226;

J. An award of back wages, front wages, damages for emotional distress, punitive damages, attorney's fees, costs, and other such damages as appropriate for the

Defendants' prohibited retaliation against Plaintiff Pittard pursuant to Florida law;

K. An award of loss of business and profit, attorney's fees, costs, and other such damages as appropriate for the Defendants' intentional interference and disruption of a contract between Plaintiff Pittard and the Police Training Institute, and other such damages as appropriate for the Defendants' acts and misuse of Pittard's business information;

L. An award of loss of business and profit, attorney's fees, costs, and other such damages as appropriate for the Defendants' intentional interference and disruption of a business relationship, and other such damages as appropriate for the Defendants' acts;

M. An award of damages for general pain and suffering; permanent physical injury; damages for loss of enjoyment of life, both past and future; travel and travel-related expenses, past and future; emotional distress, and future emotional distress; pharmaceutical expenses, past and future; related wage and loss earning capacity damages; and, all other ordinary, incidental and consequential damages as would be anticipated to arise under the circumstances for Defendants' conduct that directly and proximately caused physical injury to Plaintiff Allende;

N. As to Plaintiff Pittard, an award of pre-judgment and post-judgment interest of four-point five percent per annum (4.5%) pursuant to FL Stat. § 55.03;

O. As to Plaintiff Allende, an award of pre-judgment and post-judgment interest of seven percent per annum (7.0%) pursuant to CA Const. Art. 15 § 1;

P. Such other relief as this Court shall deem just and proper.

Respectfully submitted,

*/s/Rebecca L. Castaneda*
Rebecca L. Castaneda
Florida Bar No. 1007926
The Castaneda Law Firm
506 N. Armenia Avenue
Tampa, Florida 33609-1703
(813) 708-8864
rc@attorneyrebeccacastaneda.com

**CERTIFICATE OF SERVICE**

I certify that a true and correct copy of the foregoing has been electronically

filed on October 28, 2019, with the Clerk of the Court using the CM/ECF system.


Respectfully submitted,

*/s/Rebecca L. Castaneda*
Rebecca L. Castaneda
Florida Bar No. 1007926
The Castaneda Law Firm
506 N. Armenia Avenue
Tampa, Florida 33609-1703
(813) 708-8864
rc@attorneyrebeccacastaneda.com