UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

MATTHEW PITTARD and
MATTHEW ALLENDE,

        Plaintiffs,

    v.

CASE NO: 8:19-cv-01784-TPB-AAS

H.E. SHEIKH KHALID BIN HAMAD
BIN KHALIFA AL THANI, *et al.*

        Defendants.

_____/

## AL ANABI RACING USA LLC'S MOTION TO DISMISS PLAINTIFFS' AMENDED COMPLAINT FOR LACK OF PERSONAL JURISDICTION AND INCORPORATED MEMORANDUM OF LAW

Defendant Al Anabi Racing LLC ("Al Anabi"), pursuant to Rule 12(b)(2), moves to dismiss Plaintiffs' Amended Complaint for lack of personal jurisdiction.

### INTRODUCTION

Plaintiffs Matthew Pittard and Matthew Allende ("Plaintiffs") have alleged no facts whatsoever to support this Court's jurisdiction over Al Anabi. The Amended Complaint's only purported jurisdictional allegation is that one of the Plaintiffs is a Florida resident. Nothing more.

It is well-established that "in order to subject a defendant to a judgment *in personam*, if he be not present within the territory of the forum, he [must] have certain minimum contacts with it such that the maintenance of the suit does not offend 'traditional notions of fair play and substantial justice.'" *Int'l Shoe Co. v. State of Wash., Office of Unemployment Comp. & Placement*, 326 U.S. 310, 316 (1945) (citations omitted).

Contrary to this settled jurisdictional jurisprudence, Plaintiffs failed to plead any facts to establish personal jurisdiction or even provide a factual framework under which this Court could analyze personal jurisdiction. Indeed, other than an unsupported conclusory allegation in a single paragraph, Plaintiffs include no jurisdictional facts that connect Al Anabi to Florida. Plaintiffs do not allege that they were injured in Florida, nor do they allege any facts regarding Al Anabi's contacts with the state. The Amended Complaint is devoid of facts that could—even when analyzed in the light most favorable to Plaintiffs—show that the purported injury or other conduct alleged even occurred in Florida.

Under well-established principles of personal jurisdiction, Plaintiffs' pleading failures are fatal. The Amended Complaint should be summarily dismissed because Plaintiffs' allegations are patently inadequate to submit Al Anabi to this Court's jurisdiction. Accordingly, this Court should dismiss Plaintiffs' Amended Complaint.

## FACTS

Plaintiffs filed their initial complaint on July 23, 2019 (the "Initial Complaint"), alleging violations of the Fair Labor Standards Act and various Florida and California laws. (DE No. 1). Notwithstanding Plaintiffs' bare legal conclusion that this Court has personal jurisdiction over all Defendants (Compl. ¶ 6), the only factual reference to Florida in the Initial Complaint was the allegation that Plaintiff Pittard is a Florida resident. *See* Compl. ¶ 8. Al Anabi was not named as a defendant in the Initial Complaint.

Prior to effectuating service on Al Anabi, Plaintiffs were granted leave to file an Amended Complaint ("Amended Complaint") (DE No. 16). The Amended Complaint is identical to the Initial Complaint except that it adds Al Anabi as a defendant (DE No. 18). As with the Initial Complaint, the only factual allegation in the Amended Complaint that refers to Florida is that only

one Plaintiff Pittard, is a Florida resident.  *See* Am. Compl. ¶ 8.  Plaintiffs' formulaic recitation of personal jurisdiction (Am. Compl. ¶ 6) is not buttressed by any factual allegations sufficient to establish a basis for personal jurisdiction over Al Anabi.

On its face, the Amended Complaint fails to plead facts to support personal jurisdiction. Plaintiffs do not allege facts evincing that their claims against Al Anabi (or, for that matter, any other defendant) arise out of Al Anabi's contacts with Florida.  Plaintiffs are not and never were employees of Al Anabi (*see* Declaration of Don Greenbaum ("Greenbaum Dec.") ¶¶ 8, 9),[1] and none of the causes of action are alleged to arise from Al Anabi's contacts with Florida.  The Greenbaum Dec. is attached hereto as "Exhibit A."  Plaintiffs, who claim that Al Anabi employs them, do not make any allegations in the Amended Complaint regarding Al Anabi's general contacts with Florida, which are extremely limited.

Al Anabi is not incorporated in Florida and does not have its principal place of business in Florida.  Greenbaum Dec. ¶¶ 5, 6.  Al Anabi does not have any affiliates, related business entities, beneficiaries, subsidiaries, successors, successors-in-interest, agents, or assignees in Florida (Greenbaum Dec. ¶ 11); Al Anabi has not designated an agent in Florida for service of process (Greenbaum Dec. ¶ 12); Al Anabi does not own, lease or control real property in Florida (Greenbaum Dec. ¶ 13); Al Anabi has no office or operations or facilities in Florida (Greenbaum Dec. ¶ 14); Al Anabi has no licenses or certifications in Florida (Greenbaum Dec. ¶ 15); Al Anabi has had no litigation in Florida prior to this case (Greenbaum Dec. ¶ 16); Al Anabi has had no phone or fax listings with a Florida number (Greenbaum Dec. ¶ 17); Al Anabi has never had

---

[1]   "[T]he defendant may challenge the allegations of jurisdiction with evidence." *RMS Titanic, Inc. v. Zaller*, 978 F. Supp. 2d 1275, 1299 (N.D. Ga. 2013) (citing *Diamond Crystal Brands, Inc. v. Food Movers Int'l, Inc.*, 593 F.3d 1249, 1257–58 (11th Cir.2010)).

officers or directors located in Florida (Greenbaum Dec. ¶ 18); Al Anabi has no bank accounts in Florida, nor has it originated or closed loans in Florida (Greenbaum Dec. ¶ 19); Al Anabi does not pay or owe taxes in Florida (Greenbaum Dec. ¶ 20); Al Anabi's corporate decision-making and strategy does not take place in Florida (Greenbaum Dec. ¶ 21); Al Anabi has no contracts with Florida-based entities or persons (Greenbaum Dec. ¶ 22); Al Anabi does not register or maintain any property in Florida (Greenbaum Dec. ¶ 24); and Al Anabi has no employees in Florida (Greenbaum Dec. ¶ 25). Al Anabi's only contact with Florida is limited to its sponsorship of racing teams that participate in one race per year in the state. Greenbaum Dec. ¶ 23. Accordingly, Plaintiffs have not alleged and cannot demonstrate that Al Anabi's contacts with Florida are even arguably "so continuous and systematic as to render them essentially at home in the forum State," as is required to establish jurisdiction. *See Daimler AG v. Bauman*, 571 U.S. 117, 127 (2014).

## ARGUMENT

### A. Legal Standard

"A plaintiff seeking the exercise of personal jurisdiction over a nonresident defendant bears the initial burden of alleging in the complaint sufficient facts to make out a *prima facie* case of jurisdiction." *Diamond Crystal Brands, Inc. v. Food Movers Int'l, Inc.*, 593 F.3d 1249, 1257 (11th Cir. 2010) (quoting *United Techs. Corp. v. Mazer*, 556 F.3d 1260, 1274 (11th Cir. 2009)); *see also Abramson v. Walt Disney Co.*, 132 Fed. Appx. 273, 275 (11th Cir. 2005) (holding that "[a]bsent an evidentiary hearing on a motion to dismiss for want of personal jurisdiction, the district court must first determine that the plaintiff has established a *prima facie* case of personal jurisdictional over the nonresident defendant which is capable of withstanding a directed verdict motion."). "When jurisdiction is based on a federal question arising under a statute that is silent regarding service of process, Rule 4(e) of the Federal Rules of Civil Procedure directs us to look

to the state long-arm statute in order to determine the existence of personal jurisdiction."[2] *Sculptchair, Inc. v. Century Arts, Ltd.*, 94 F.3d 623, 626–27 (11th Cir. 1996).

"Since the extent of the long-arm statute is governed by Florida law, federal courts are required to construe it as would the Florida Supreme Court." *Id.* at 627 (quotation omitted). "Absent some indication that the Florida Supreme Court would hold otherwise, we are bound to adhere to decisions of its intermediate courts." *Id.* (citing *Polskie Linie Oceaniczne v. Seasafe Transp. A/S*, 795 F.2d 968, 970 (11th Cir. 1986)).

"[A] federal court sitting in Florida must conduct a two-step inquiry to determine whether it has personal jurisdiction over a non-resident defendant: '(1) whether personal jurisdiction exists over the nonresident defendant . . . under Florida's long-arm statute, and (2) if so, whether that exercise of jurisdiction would violate the Due Process Clause of the Fourteenth Amendment to the U.S. Constitution.'" *Hard Candy, LLC v. Hard Candy Fitness, LLC*, 106 F. Supp. 3d 1231, 1237 (S.D. Fla. 2015) (alteration in original) (citing *Louis Vuitton Malletier, S.A. v. Mosseri*, 736 F.3d 1339, 1350 (11th Cir. 2013)).

Under Florida law, the plaintiff bears the burden of proving personal jurisdiction, but the defendants can raise meritorious challenges to the plaintiff's allegation of personal jurisdiction through affidavits, documents or testimony. *See Sculptchair, Inc.*, 94 F.3d at 627. The burden

---

[2] The Fair Labor Standards Act ("FLSA"), under which Plaintiff purports to establish subject matter jurisdiction does not provide for nationwide service of process. *See Aviles v. Kunkle, 978 F.2d 201, 203* (5th Cir. 1992) (holding that where a federal statute, like the FLSA is silent as to service of process, the Court will not infer nationwide service of process and personal jurisdiction must be determined by the state's long-arm statute); *see also Chavira v. OS Rest. Services, LLC*, 18-CV-10029-ADB, 2019 WL 4769101, at *3 (D. Mass. Sept. 30, 2019) ("Where, as here, nationwide service of process is not authorized by the statute -- the FLSA -- 'service is effective only if the defendant is subject to jurisdiction in the forum state.'"); *Wang v. Schroeter*, CIV.A. 11-10009-RWZ, 2011 WL 6148579, at *4 (D. Mass. Dec. 9, 2011), *aff'd* (Dec. 11, 2012) (same).

then shifts back to the plaintiff to prove jurisdiction by affidavits, testimony or documents. *Id*. When a defendant challenges personal jurisdiction, the plaintiff must "prove—not merely allege— jurisdiction by affidavits, testimony, or other documents." *Hard Candy*, 106 F. Supp. 3d at 1238 (citing *Posner v. Essex Ins. Co.*, 178 F.3d 1209, 1214–15 (11th Cir. 1999); *Future Tech. Today, Inc. v. OSF Healthcare Sys.*, 218 F.3d 1247, 1249 (11th Cir. 2000)).

"The Florida long-arm statute recognizes two kinds of personal jurisdiction over a nonresident defendant: specific and general jurisdiction." *Hard Candy*, 106 F. Supp. 3d at 139 (citing Fla. Stat. § 48.193). The application of the Florida long-arm statute is a question of Florida law and must be construed in the manner the Florida Supreme Court would. *Louis Vuitton*, 736 F.3d at 1352. "Florida's long-arm statute is to be strictly construed." *Id.* (citing *Sculptchair, Inc.*, 94 F.3d at 627).

### B. Plaintiffs Fail to Establish a *Prima-Facie* Case of Personal Jurisdiction Over Al Anabi

At minimum, Plaintiffs are required to allege a sufficient basis for a *prima-facie* showing that personal jurisdiction exists—they fail to do so. *See Abramson*, 132 Fed. Appx. at 275 (11th Cir. 2005). The Court can dismiss the Amended Complaint because Plaintiffs fail to meet even this most-basic requirement. The Amended Complaint is devoid of jurisdictional facts that could—even when interpreted in the light most favorable to the Plaintiffs—provide a colorable basis commensurate with the requirements under Federal and Florida law to establish specific or general jurisdiction. Given this fatal failure, the Court need not even analyze Florida's long-arm statute. *See Castillo v. Allegro Resort Mktg.*, 603 Fed. Appx. 913, 916 (11th Cir. 2015) (holding that "[b]ecause [Plaintiff] failed to plead allegations sufficient to satisfy due process, we need not address personal jurisdiction under Florida's long-arm statute."). In *Castillo*, the Eleventh Circuit

held that conclusory, jurisdictional allegations are insufficient to establish a *prima-facie* case of personal jurisdiction.  *Castillo*, 603 Fed. Appx. at 916.  As a threshold matter, the conclusory allegations in the Amended Complaint simply cannot comport with due-process requirements.  *See id*.  With that said, under an analysis of the requirements to establish personal jurisdiction under Florida's long-arm statute, Plaintiffs' jurisdictional efforts concerning Al Anabi would fare no better for *specific* or *general* jurisdiction.

### C. Plaintiffs Fail to Meet Their Burden of Demonstrating Specific Jurisdiction Over Al Anabi Under Florida's Long-Arm Statute

To allege specific jurisdiction under Florida's long-arm statute, Plaintiffs' claims must arise from Al Anabi's contacts with Florida, and those contacts must fall within one of nine statutorily-enumerated categories.  *See Hard Candy*, 106 F. Supp. 3d at 1239 (citing Fla. Stat. § 48.193(1)(a)).

Plaintiffs do not allege that their claims arise from Al Anabi's contacts with Florida or that those contacts fall within any of the categories set forth in Florida's long-arm statute.  Indeed, the Amended Complaint does not include *any* allegations about Al Anabi's contacts with Florida—much less any allegations that Al Anabi engaged in specific conduct enumerated in Florida's long-arm statute.  The Amended Complaint does not even reference Florida's long-arm statute.  Because of these stark pleading failures, Plaintiffs cannot meet their burden of establishing a *prima-facie* case for specific jurisdiction over Al Anabi.  *See e.g., Pace v. Platt*, No. 3:01-CV-471/LAC, 2002 WL 32098709 (N.D. Fla. Sept. 10, 2002), *aff'd*, 67 F. App'x 584 (11th Cir. 2003) (holding that dismissal for lack of jurisdiction is appropriate where the "[p]laintiff has utterly failed to allege any facts showing that the individual Defendants are subject to jurisdiction in this state" or "demonstrate how the alleged tortious conduct of which he complains 'arises from' the individual

Defendants' contacts with Florida." (citations omitted)); *see also Sculptchair, Inc.*, 94 F.3d at 629 (holding "that mere economic injury without accompanying personal injury or property injury does not confer personal jurisdiction over nonresident defendants" under injury to persons or property provision of Florida's long-arm statute). Because Plaintiffs have not made the requisite allegations, this Court does not have specific jurisdiction over Al Anabi.

### D. Plaintiffs Fail to Meet Their Burden of Demonstrating General Jurisdiction Over Al Anabi Under Florida's Long-Arm Statute

Similarly, Plaintiffs fail to meet *the much more stringent requirements* for general jurisdiction. To establish general jurisdiction, a court's jurisdiction to adjudicate claims that do not arise from the defendant's conduct with the forum state, "there is no requirement of a connection between the defendant's activities and the cause of action, the Due Process requirements are *much more stringent* for general personal jurisdiction than for specific personal jurisdiction." *Exhibit Icons, LLC v. XP Companies, LLC*, 609 F. Supp. 2d 1282, 1295 (S.D. Fla. 2009) (emphasis added).[3]

Al Anabi is not incorporated in Florida and does not maintain its principal place of business in Florida. Greenbaum Dec. ¶¶5, 6. *Daimler AG v. Bauman*, 571 U.S. 117, 137 (2014) (holding that a corporation's place of incorporation and principal place of business are the paradigm bases for general jurisdiction). Absent a defendant choosing Florida as its *home state*, which Al Anabi has not, a plaintiff must show significant contact with the forum state. "While corporations may be subject to the exercise of general jurisdiction in other places[,] … the Due Process Clause

---

[3] "The reach of general jurisdiction under the Florida long-arm statute 'extends to the limits on personal jurisdiction imposed by the Due Process Clause of the Fourteenth Amendment.'" *Hard Candy*, 106 F. Supp. 3d at 1250 (quoting *Fraser v. Smith*, 594 F.3d 842, 846 (11th Cir. 2010)).

imposes a high standard: 'the inquiry ... is not whether a foreign corporation's in-forum contacts can be said to be in some sense 'continuous and systematic,' it is whether that corporation's affiliations with the State are so 'continuous and systematic' as to render [it] essentially at home in the forum State.'" *Hard Candy*, 106 F. Supp. 3d at 1250 (quoting *Daimler*, 571 U.S. at 138-139).

Plaintiffs have not alleged and cannot establish that Al Anabi's affiliations with Florida are "so continuous and systematic as to render it essentially at home" here. *Id.* Al Anabi does not have any affiliates, related business entities, beneficiaries, subsidiaries, successors, successors-in-interest, agents, or assignees in Florida (Greenbaum Dec. ¶ 11); Al Anabi has not designated an agent in Florida for service of process (Greenbaum Dec. ¶ 12); Al Anabi does not own, lease or control real property in Florida (Greenbaum Dec. ¶ 13); Al Anabi has no office or operations or facilities in Florida (Greenbaum Dec. ¶ 14); Al Anabi has no licenses or certifications in Florida (Greenbaum Dec. ¶ 15); Al Anabi has had no litigation in Florida prior to this case (Greenbaum Dec. ¶ 16); Al Anabi has had no phone or fax listings with a Florida number (Greenbaum Dec. ¶ 17); Al Anabi has never had officers or directors located in Florida (Greenbaum Dec. ¶ 18); Al Anabi has no bank accounts in Florida, nor has it taken loans from there (Greenbaum Dec. ¶ 19); Al Anabi does not pay or owe taxes in Florida (Greenbaum Dec. ¶ 20); Al Anabi's corporate decision-making and strategy is—and always has been—developed outside of Florida (Greenbaum Dec. ¶ 21); Al Anabi has no contracts with Florida-based entities or persons (Greenbaum Dec. ¶22); Al Anabi does not register or maintain any of its property in Florida (Greenbaum Dec. ¶ 24); and Al Anabi has no employees in Florida (Greenbaum Dec. ¶ 25).

In short, Plaintiffs allege no facts to establish—even when reviewed in the light most favorable to them—that Al Anabi is "essentially at home" in Florida. *See e.g. Virgin Health Corp.*

9

*v. Virgin Enterprises Ltd.*, 393 F. App'x 623, 626 (11th Cir. 2010) (holding that no general jurisdiction where company "has no office, employees, real property, bank account, mailing address, or telephone number in Florida; and that it has not engaged in business or made any contracts in Florida."); *Hard Candy*, 106 F. Supp. 3d at 1251-52 (finding no general jurisdiction over defendant who was alleged to have earned almost $4 million in connection with three concerts performed in Florida and conceded to earnings of more than $250,000 in royalties from goods sold in Florida); *Aronson v. Celebrity Cruises, Inc.*, 30 F. Supp. 3d 1379, 1386–87 (S.D. Fla. 2014) (holding no general jurisdiction over defendant corporation whose co-owner and marketing director travels to Florida each year to attend an industry conference and meet with business partners, submits bids to Florida-based ship operators, bought equipment in Florida, purchased insurance through a Miami-based insurance broker, and was a member of a Florida-based trade organization); *Ash v. Royal Caribbean Cruises Ltd.*, 991 F. Supp. 2d 1214, 1218 (S.D. Fla. 2013) (holding that defendant's "minimal contacts with Florida are not sufficiently systematic and continuous to confer jurisdiction under § 48.193(2)").[4] In sum, Al Anabi's "home" is not in Florida and this Court does not have general jurisdiction over Al Anabi.

## CONCLUSION

For the foregoing reasons, the Court should dismiss Plaintiffs' Amended Complaint pursuant to Federal Rules of Civil Procedure 12(b)(2).

Dated: January 2, 2020

---

[4] Because Plaintiffs have not and cannot meet their burden of establishing personal jurisdiction under Florida's long-arm statute, it follows *a fortiori* that they cannot demonstrate that the exercise of jurisdiction complies with the Due Process clause.

BELL ROSQUETE REYES ESTEBAN, PLLC

999 Ponce De Leon Blvd., Suite 1120 PH
Miami, FL 33134
Telephone:  305.570.1610
Fax:  305.570.1599
jreyes@brresq.com
arosquete@brresq.com

By: */s/ Armando Rosquete*
Armando Rosquete
Florida Bar No. 648434
Javier A. Reyes
Florida Bar No. 688487
*Attorneys / Trial Counsel for Al Anabi Racing, LLC*

**CERTIFICATE OF SERVICE**

I hereby certify that on January 2, 2020, I electronically filed the foregoing document with the Clerk of the Court using CM/ECF on all counsel or parties of record on the Service List.

By: */s/ Armando Rosquete*
 Armando Rosquete